IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN TIFFANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 09-2232-CM** |
| **CITY OF TOPEKA,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

Plaintiff brings this employment discrimination action claiming that defendant discriminated against him because of his disability and in retaliation for his requesting a reasonable accommodation. Defendant claims that the issues relating to the complaint took place in Topeka and that both parties reside in Topeka, and filed a Motion to Change Venue (Doc. 3).

**I.    Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial at its own discretion or upon motion by a party. D. Kan. Rule 40.2. Change of venue is governed by 28 U.S.C. § 1404(a). Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007). The courts in this district, however, often look to the factors set forth in 28 U.S.C. § 1404(a) when considering a request for intra-district transfer. *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. April 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of

a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Defendant, as the party moving to transfer the case, bears the burden of establishing that the existing forum is inconvenient. *Smith*, 2007 WL 2436669, at *1.

## II. Analysis

### A. *Plaintiff's Choice of Forum*

Although the court considers plaintiff's choice of forum, plaintiff's choice is given less weight because it is not his place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *1 (D. Kan. Mar. 23, 2007). Accordingly, this factor weighs only slightly in favor of plaintiff.

### B. *Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Defendant argues that this factor weighs in favor of transferring the case to Topeka because both parties reside in Topeka, the alleged actions underlying the complaint took place in Topeka, and "all known witnesses" are located in Shawnee County. But defendant has not given the court enough information to find that this factor weighs in favor of transfer. The court does not know whether any witnesses or evidence would be inaccessible in Kansas City. The court understands that the increased time to drive to Kansas City from Topeka may inconvenience any employees of Topeka Housing and Neighborhood Development who testify, but the court is not convinced that the trial of this case would require an extended absence by most employees in the department.

Moreover, the fact that both parties reside in Topeka is not significant; one of the parties—plaintiff—is willing to travel to Kansas City for trial. This factor is neutral or, at most, weighs slightly in favor of transfer.

### C. *Fair Trial*

In support of this factor, defendant states only that "Plaintiff will have a fair hearing in Topeka." While the court is confident that plaintiff could have a fair trial in Topeka, plaintiff can also have a fair trial in Kansas City. This factor is neutral.

### D. *All Other Factors*

In this case, the parties have not raised any other considerations of a practical nature that make a trial easy, expeditious, and economical. After weighing all the relevant factors, the court cannot find that the convenience of Topeka outweighs the inconvenience of Kansas City. Defendant has not met its burden, and an intra-district transfer is not warranted here.

**IT IS THEREFORE ORDERED** that defendant's Motion to Change Venue (Doc. 3) is denied.

Dated this 16th day of June 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**