DJW/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN TIFFANY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 09-2232-CM-DJW |
| | ) | |
| CITY OF TOPEKA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Leave of Court to File Expert Witness Report Out of Time (doc. 31). The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is denied.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his Complaint (doc. 1) on May 4, 2009, and the Court entered the first Scheduling Order (doc. 9) on August 18, 2009. Under the first Scheduling Order (doc. 9), all discovery was to be completed by December 1, 2009, and disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, were due from Plaintiff by October 1, 2009, and from Defendant by October 15, 2009.[1] Based on the Court's review of the docket, it does not appear that Defendant served any discovery requests before the Court, upon Plaintiff's unopposed motion to amend the Scheduling Order, entered an Amended Scheduling Order (doc. 18) on November 18, 2009.

---

[1] Scheduling Order (doc. 9).

According to Plaintiff, on October 1, 2009, the parties began a mediation process and agreed to stay the scheduling order deadlines in an effort to resolve this matter.[2] When the mediation was unsuccessful, Plaintiff filed its unopposed motion to amend the first Scheduling Order (doc. 9).[3] Under the Amended Scheduling Order (doc. 18), all discovery was to be completed by January 11, 2010, and disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, were due from Plaintiff by November 30, 2009, and from Defendant by December 14, 2009.[4]

On or about November 20, 2009, Defendant served its First Request to Plaintiff for Production of Documents and requested copies of all medical reports pertaining to Plaintiff's disability.[5] However, according to Plaintiff, on December 3, 2009, Plaintiff's counsel notified Defendant's counsel that Plaintiff was not in possession of his medical records because he had provided them to the Kansas Human Rights Commission ("KHRC").[6] In addition, Plaintiff claims that on or about December 3, 2009, Defendant received Plaintiff's signed medical authorization request form, which in light of Defendant's request to expedite the form, was forwarded to Defendant ahead of Plaintiff's responses to Defendant's First Request to Plaintiff for Production of

---

[2] Pl.'s Resp. and Objection to Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 32) at 2.

[3] *Id.*

[4] Amended Scheduling Order (doc. 18).

[5] Notice of Service (doc. 21); Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 1.

[6] Pl.'s Resp. and Objection to Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 32) at 3.

Documents.[7]  Plaintiff also filed a Motion for Order Releasing Kansas Human Rights Commission Documents (doc. 24) on December 7, 2010, which the Court granted on December 28, 2009.[8]

Although Defendant identified its expert witness within the December 14, 2009 deadline, it did not provide an expert report within the deadline because, according to Defendant, it did not have possession of Plaintiff's medical records to provide to its expert.[9]  Yet Defendant did not move to extend the expert disclosure deadline at this time.  On December 22, 2009, Defendant received documents from Plaintiff in response to its First Request to Plaintiff for Production of Documents, which did not include any medical records.[10]  On December 29, 2009, Defendant issued requests to individual doctors for production of Plaintiff's medical records.[11]

On February 12, 2010, Defendant filed its Motion seeking leave to file its expert's report out of time.  According to Defendant, as of February 12, 2010, it had received the requested medical records and was in the process of providing the medical records to its expert for review and

---

[7] *Id.*

[8] Order for Inspection and Reproduction of Records of the Kansas Human Rights Commission (doc. 27).

[9] Def.'s Designation of Expert Witness (doc. 25); Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 2.

[10] Notice of Service (doc. 26); Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 3.

[11] Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 4.

preparation of a report.[12] Defendant states that the expert report could be completed and served within sixty days of its Motion, which was April 12, 2010.[13]

The Final Pretrial Conference in this case was held less than one week after Defendant filed the Motion, the Pretrial Order (doc. 36) was entered on March 16, 2010, and this case is set for trial on October 4, 2010.

## II.  STANDARD

Fed. R. Civ. P. 26(a)(2) requires the parties to disclose the identity of their expert witnesses and the experts' written reports "at the times and in the sequence that the court orders."[14] Under the Amended Scheduling Order (doc. 18), Defendant was required to disclose its expert's report by December 14, 2009. On February 12, 2010, Defendant filed its Motion seeking to serve its expert's report out of time. It is undisputed that Defendant filed the Motion after the deadline for disclosing its expert's report expired.

Under Fed. R. Civ. P. 6(b), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[15] D. Kan. Rule 6.1 also addresses motions for extensions of time, and provides that a motion for an extension of time will not be granted after the specified time expires absent a showing of excusable neglect.[16] In determining whether neglect is excusable,

---

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 6.

[14] Fed. R. Civ. P. 26(a)(2)(C).

[15] Fed. R. Civ. P. 6(b)(1).

[16] D. Kan. Rule 6.1(a).

4

the Court should consider all of the circumstances surrounding the omission, including four specific factors: (1) prejudice to the non-moving party, (2) the length and effect of any delay, (3) the reasons for the delay and whether it was within the control of the moving party, and (4) whether the moving party acted in bad faith.[17] The Court will examine each of these factors in turn.

## III. ANALYSIS

### 1. *Prejudice to Plaintiff*

According to Plaintiff, he will be prejudiced if the Court grants Defendant's Motion and allows Defendant to serve its expert's report out of time. The discovery deadline expired several months ago, on January 11, 2010. Plaintiff has completed discovery and is ready to present his case to a jury, which does not include an expert witness.[18] Plaintiff argues that if the Court allows "Defendant to provide its expert report at this stage of litigation, it would necessarily cause [] Plaintiff to essentially re-craft his theories of recovery and standards of proof for trial. This would cause a significant delay to the resolution of this matter."[19]

In an attempt to show that Plaintiff will not be prejudiced, Defendant simply states: "This extension will not prejudice the plaintiff as the report would still be provided approximately 6 months before trial."[20] The Court is not persuaded by Defendant's unsupported claim that Plaintiff

---

[17] *Lewis v. Herrman's Excavating, Inc*, 200 F.R.D. 657, 659 (D. Kan. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

[18] Pl.'s Resp. and Objection to Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 32) at 9.

[19] *Id.*

[20] Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 7.

will not be prejudiced. Rather, it appears to the Court that Plaintiff will suffer prejudice if the Court allows Defendant to serve its expert's report out of time. If the Court grants Defendant's Motion, Plaintiff will be forced to "re-craft" his case, depose Defendant's expert, and identify, if necessary, a rebuttal expert. To require Plaintiff to take these additional steps long after the discovery deadline and Defendant's expert disclosure deadline have expired and after Plaintiff has already prepared his case for trial would be unfair and prejudicial to Plaintiff.

### 2. *Length and Effect of any Delay*

Under the Amended Scheduling Order (doc. 18), Defendant's expert's report was due December 14, 2009. Yet Defendant did not serve any discovery requests until November 20, 2009, when Defendant served its First Request to Plaintiff for Production of Documents seeking copies of all medical reports pertaining to Plaintiff's disability. In addition, it appears that Defendant's counsel was aware, as of December 3, 2009, that Plaintiff was not in possession of his medical records because he had provided them to the KHRC. In an effort to assist in expediting the production of his medical records, Plaintiff gave Defendant his signed medical authorization request form on or about December 3, 2009.

Considering these facts, it should have been apparent that Defendant was not going to be able to meet the December 14, 2009 deadline to provide its expert's report. However, Defendant never filed any motion seeking an extension of that deadline. Defendant simply filed the instant Motion on February 12, 2010, seeking to serve its expert's report out of time. The Motion was filed almost two months after the expert disclosure deadline, approximately one month after the discovery deadline, and less than a week before the Final Pretrial Conference, which was held on February 18, 2010.

6

As explained above, this delay is prejudicial to Plaintiff. In addition, allowing Defendant to serve its expert's report out of time would result in a delay of this case, which is set to go to trial on October 4, 2010. Plaintiff has indicated that he would need to depose Defendant's expert, which Plaintiff is not permitted to do under Fed. R. Civ. P. 26(b)(4)(A) until after Defendant's expert's report is provided to Plaintiff. In addition, Plaintiff has indicated that he would then need to locate, designate and provide a report for a rebuttal expert, whom Defendant will likely seek to depose after receiving the report. The Court is persuaded that these actions will take at least two months after Defendant has provided its expert's report to Plaintiff. Delaying the case at this point in the litigation would be unfair to Plaintiff, who has managed his case within the Court's scheduling orders.

### 3. *Reasons for the Delay and Whether it was Within Defendant's Control*

According to Defendant, it could not serve its expert's report by December 14, 2009 because Defendant did not have Plaintiff's medical records to provide the expert.[21] However, Defendant does not explain why it waited until November 20, 2009 to serve its written discovery seeking Plaintiff's medical records. Defendant also fails to explain why it delayed in seeking Plaintiff's medical records once it had Plaintiff's signed medical authorization request form on or about December 3, 2009. Further, Defendant does not explain why, once it became apparent that it would not be able to meet the expert disclosure deadline, it did not file a motion seeking to extend the deadline. Finally, Defendant fails to explain why it waited until two months after the expert disclosure deadline to file a motion seeking to disclose its expert's report out of time. The Court

---

[21] Def.'s Mot. for Leave of Court to File Expert Witness Report Out of Time (doc. 31) ¶ 2.

concludes that each of these actions was within Defendant's control, and Defendant has failed to provide any good reason for the delay in disclosing its expert's report.

### 4. *Whether Defendant Acted in Bad Faith*

As Plaintiff points out, there is no reason to believe that Defendant, or its counsel, has acted in bad faith. However, this fact alone does not mean that the Court must grant Defendant's Motion. Indeed, this is just one of the factors that the Court should consider in determining whether Defendant has demonstrated excusable neglect. The Court notes that Defendant could have sought relief from the Court long before it filed the Motion, and Defendant failed to do so without good reason.

## IV. CONCLUSION

Having analyzed the relevant facts, the Court concludes that Defendant did not demonstrate "excusable neglect" in failing to timely disclose its expert's report. The Court therefore denies Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave of Court to File Expert Witness Report Out of Time (doc. 31) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 4th day of May 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties