# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TIFFANY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) |
| | ) **Case No. 09-2232-CM** |
| CITY OF TOPEKA, | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff brings this employment discrimination action claiming that defendant discriminated against him because of his disability and in retaliation for his requesting a reasonable accommodation. The case is set for trial on the court's trial docket beginning November 1, 2010. The parties have filed motions in limine regarding evidence to be presented at trial (Docs. 56, 57, and 58). The court issues the following rulings.

## Defendant's Motions in Limine (Doc. 56)

Defendant asks the court to exclude two categories of evidence: (1) the testimony of Barbara Girard, an investigator with the Kansas Human Rights Commission ("KHRC") who reviewed plaintiff's allegations when he filed a claim with that agency; and (2) any settlements or offers of settlement or compromise. Plaintiff represents that he does not intend to introduce evidence relating to the parties' settlement negotiations, and the court therefore denies that portion of defendant's motion as moot.

With respect to the testimony of Ms. Girard, defendant contends that her testimony is inadmissible because her testimony would interfere with the jury's duty to draw a conclusion based on the evidence presented at trial. Plaintiff responds that he does not intend to ask Ms. Girard

whether defendant's acts or omissions violated the Americans with Disabilities Act ("ADA"). Rather, plaintiff intends to call Ms. Girard as a fact witness concerning her investigation on behalf of the KHRC. Plaintiff asks the court to allow Ms. Girard to testify about her investigation methods and fact-based findings.

The court determines that Ms. Girard's testimony relating to her investigative report may be admissible if it is fact-based and otherwise trustworthy. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988) (holding that fact-based conclusions and opinions are not excluded from Rule 803(8)(C), so long as they satisfy the rule's trustworthiness requirement); Fed. R. Evid. 803(8)(C) (providing that, under certain circumstances, a report including investigation-based factual findings is not excluded by the hearsay rule). The court is not aware of the full content of the report or the expected testimony of Ms. Girard, but preliminarily, the court determines that testimony within these bounds may be admissible. Plaintiff will still need to show that the testimony is otherwise admissible at trial, however. The court denies defendant's motion without prejudice to further objection at trial.

### Plaintiff's Motions in Limine (Doc. 57)

Plaintiff asks the court to exclude the following evidence: (1) all medical records related to plaintiff; and (2) plaintiff's employment records from his prior jobs. Plaintiff objects to both categories of evidence under Fed. R. Civ. P. 26(a)(3)(B), as well as on grounds of irrelevance (Fed. R. Evid. 402) and prejudice, confusion, or waste of time (Fed. R. Evid. 403). Defendant does not address plaintiff's Rule 26(a)(3)(B) argument, but argues that the evidence is relevant to show (1) plaintiff's history of cognitive deficits; (2) that plaintiff was not a qualified individual under the ADA; and (3) that prior employers had similar issues with plaintiff to those defendant

experienced—which tends to show that defendant's reason for terminating plaintiff was not pretextual.

The court begins with defendant's alleged failure to disclose this evidence previously. With respect to plaintiff's medical records, the court notes that plaintiff has listed some of her records as exhibits for trial. Defendant may offer these exhibits notwithstanding any prior failure to disclose them. (Pretrial Order, Doc. 36, at 12.) But the Pretrial Order also warned defendant as follows:

> The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3)(A) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

(*Id.* at 12–13.) Plaintiff claims that defendant failed to disclose the medical records or prior employment records under Rule 26(a)(1) or (e). Rule 37(c)(1) provides that if a party fails to comply with Rule 26(a) or (e), the court may issue one or more of several types of sanctions unless the failure was substantially justified or harmless. The court may exclude the evidence, order payment of attorney's fees, inform the jury of the party's failure, or impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1). The court must first give the party an opportunity to be heard.

Defendant has had an opportunity to respond to plaintiff's motion (Doc. 58) and objection (Doc. 53). Defendant elected not to address this issue. Arguably, defendant has now waived the right to respond to the issue. While it is possible that any omission is effectively harmless, as plaintiff has now had notice of defendant's intent to present the evidence for well over a month, the court is not prepared to make that finding on the record before it.

If the court excludes the evidence as a sanction, plaintiff's 402 and 403 objections are moot. The court therefore takes this motion under advisement. The court will hear argument on it on the first day of trial, before bringing the jury in, and will likely issue a ruling either at that time or before

opening statements. Despite giving defendant an opportunity to respond orally, however, the court

reserves the right to disregard defendant's argument on the basis of waiver.

## Plaintiff's Second Motion in Limine (Doc. 58)

In a motion filed one day after the deadline for filing motions in limine, plaintiff asks the

court to exclude records and testimony related to plaintiff's social security disability status and

payment of benefits. Plaintiff did not seek leave to file the motion a day late or otherwise explain

why the motion was filed after the deadline.

The court ordinarily will not consider untimely motions. The court would be justified in

denying plaintiff's motion as untimely. Such a ruling, however, would only delay the inevitable.

Plaintiff would still be permitted to object to the evidence at trial, and the court would have to issue

a ruling at that time. While the court hesitates to condone a party's failure to comply with express

deadlines, the court determines that the interests of justice support issuing a ruling on plaintiff's

motion at this time—in advance of trial.

Plaintiff claims that his social security disability status has no probative value, and would

only serve to confuse the jury and needlessly extend the trial. Plaintiff further argues that his social

security payments should not be deducted from any damages awarded, pursuant to the collateral

source rule. Under the collateral source doctrine, benefits "wholly independent of and collateral to

the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." *Sanjuan*

*v. IBP, Inc.*, 160 F.3d 1291, 1299 (10th Cir. 1998). Because the payments should not be deducted,

plaintiff argues, any evidence of the payments would only confuse the jury and needlessly extend the

trial.

Defendant does not address either of plaintiff's arguments directly. Instead, defendant

argues that the statements of plaintiff and his doctor about plaintiff's ability to work (given during

-4-

the process of seeking social security) are relevant to defendant's defense that plaintiff could not perform the essential functions of his employment. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 798 (1999) ("[A]n ADA plaintiff cannot simply ignore her [Social Security Disability Insurance ("SSDI")] contention that she was too disabled to work. To survive a defendant's motion for summary judgment, she must explain why that SSDI contention is consistent with her ADA claim. . . ."). *But see Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1253–54 (10th Cir. 2005) (holding that *Cleveland* does not mandate the admission of disability documents at trial, and that the district court did not abuse its discretion in excluding the documents based on the risk of confusion). It appears from defendant's response that this is the only evidence related to plaintiff's social security benefits that defendant intends to offer.

The court agrees with defendant that statements about plaintiff's ability to work are relevant and may be admissible if presented in an admissible format. To this extent, plaintiff's motion is denied. At this time, it appears that evidence of either (1) plaintiff's ultimate receipt of social security benefits or (2) the amount of benefits may be irrelevant or confusing to the jury. But it is also not clear that defendant intends to offer this evidence. The court will deny this portion of plaintiff's motion without prejudice, as moot. If defendant seeks to offer this evidence at trial, plaintiff may raise his objections again. The court would appreciate advance notice before or during trial if defendant intends to offer this evidence.

**IT IS THEREFORE ORDERED** that Defendant's Motions in Limine (Doc. 56) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motions in Limine (Doc. 57) is taken under advisement.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion in Limine (Doc. 58) is denied.

Dated this 21st day of October 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**